# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

|  |  |  |
|---|---|---|
| ROBERT TAYLOR | ) | Case No: 12 C 8321 |
| v. | ) | Judge: Hon. Joan B. Gottschall |
| TASSO KACHIROUBAS, et al | ) |  |

## ORDER

Plaintiff's motion [51] for the appointment of special administrators on behalf of deceased defendants James Kizart and Nicholas Graves is granted. The parties shall appear for a status hearing on 7/23/2013 at 9:30AM. The parties are directed to confer prior to the status hearing and attempt to reach agreement as to who will choose the special administrators to represent the deceased defendants. If an agreement is reached, the parties may submit a joint proposed order in lieu of appearance. For details, see below.

## STATEMENT

Plaintiff Robert Taylor sued James Kizart and Nicholas Graves, among others, for malicious prosecution and wrongful conviction. Taylor subsequently learned that Kizart and Graves are deceased, and he now moves the court to appoint special administrators on their behalf for purposes of defending this action. Taylor proposes that the State of Illinois choose an administrator for Kizart, a former Illinois State Police Officer, and that the Village of Dixmoor choose an administrator for Graves, the former Dixmoor Chief of Police.

Taylor relies on 735 Ill. Comp. Stat. 5/13-209(c), which provides for the appointment of a special representative by the court when a defendant dies before litigation commences:

> (c) If a party commences an action against a deceased person whose death is unknown to the party before the expiration of the time limited for the commencement thereof, and the cause of action survives, and is not otherwise barred, the action may be commenced against the deceased person's personal representative if all of the following terms and conditions are met:
>
> (1) After learning of the death, the party proceeds with reasonable diligence to move the court for leave to file an amended complaint, substituting the personal representative as defendant.
>
> (2) The party proceeds with reasonable diligence to serve process upon the personal representative.

(3) If process is served more than 6 months after the issuance of letters of office, liability of the estate is limited as to recovery to the extent the estate is protected by liability insurance.

(4) In no event can a party commence an action under this subsection (c) unless a personal representative is appointed and an amended complaint is filed within 2 years of the time limited for the commencement of the original action.

735 Ill. Comp. Stat. 5/13-209(c). Both Kizart and Graves died before Taylor filed his complaint. Taylor discovered their deaths after the litigation commenced. Taylor indicates that if the court grants this motion, he will satisfy the other requirements of the statute by filing an amended complaint, substituting the appointed representatives as defendants, diligently serving the personal representatives, and limiting the relief sought to the proceeds of liability insurance carried by the State of Illinois and the Village of Dixmoor.

The State of Illinois opposes the motion, contending that Taylor's request with respect to Kizart violates the Eleventh Amendment and Illinois law.[1] First, the State argues that the Eleventh Amendment bars this court from compelling the State to select a representative for Kizart. Taylor responds that he has merely suggested that it would be most fair and appropriate for the State choose Kizart's representative; this is not tantamount to compelling the State to act. The court agrees that the Eleventh Amendment is not implicated by the suggestion that the State appoint a representative for Kizart. The State may decline to participate in the appointment and will not be compelled to act. In that event, it will fall to the court to determine the appropriate method for appointment of the representative.

Next, the State argues that Taylor fails to meet the requirements for appointment of a special administrator because, under 735 Ill. Comp. Stat. 5/13-209(c)(3), recovery is limited to "the extent the estate is protected by liability insurance." The State contends that the State's indemnification of Kizart for liability stemming from civil-rights violations is not equivalent to "liability insurance," and, as no recovery from "liability insurance" exists, Taylor may not recover from Kizart at all. Taylor responds that indemnification of a police officer by the State is the functional equivalent of a liability insurance policy. *See Hauschild v. Powers*, No. 09–015–CJP, 2011 WL 2560229, at *1 (S.D. Ill. June 28, 2011) ("Indemnification by the State is the functional equivalent of liability insurance" for purposes of Federal Rule of Evidence 411.)

Neither party cites precedent that directly addresses this issue, nor has this court found any. The court, however, agrees with Taylor that if Kizart is indemnified by the State, and if that indemnification is limited to the proceeds of the State's liability insurance, the requirements of 735 Ill. Comp. Stat. 5/13-209(c)(3) are satisfied. It appears to the court that the purpose of the limitation of the decedent's liability to insurance proceeds is to eliminate the need to reopen the

---

[1] The Village of Dixmoor has filed no opposition with respect to the appointment of a special administrator for Graves.

closed estate of a decedent and the need for the estate to participate in litigation regarding claims against the decedent. Here, allowing claims to the extent that they can be satisfied by the State's liability insurance satisfies that purpose: there will be no need to reopen the estate. Furthermore, the statute does not expressly require that the liability insurance be held by the estate itself, or by the decedent himself. Rather, it merely requires that an insurance policy exist that covers all or some portion of the decedent's liability arising out of a claim.

Taylor represents in his motion that he will limit the relief sought against Kizart to the proceeds of the state's liability insurance. The court concludes that if the State possesses civil-rights liability insurance covering the indemnification of Kizart, the requirements of 735 Ill. Comp. Stat 5/13-209(c)(3) are satisfied. Therefore the court grants Taylor's motion for the appointment of special administrators on behalf of Kizart and Graves.


Date: July 16, 2013            /s/
                               JOAN B. GOTTSCHALL
                               United States District Judge